# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WALID ALMOSAWI,

    Plaintiff,

v.

Case No. 08-11919
Hon. Lawrence P. Zatkoff

IMMIGRATION AND
NATURALIZATION SERVICE,

    Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on May 6, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss [dkt 7] for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff has not filed a response, and the time period in which to do so has lapsed. The Court finds that the facts and legal arguments are adequately presented in Defendant's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendant's motion to dismiss [dkt 7] is GRANTED.

## II. BACKGROUND

*Pro se* Plaintiff Walid Almosawi filed suit in the Eastern District of Virginia on December

13, 2007, seeking adjudication of his application for naturalization (Form N-400). On March 27, 2008, the case was transferred to the Eastern District of Michigan. On March 4, 2010, the United States Citizenship and Immigration Services adjudicated Mr. Almosawi's application. Therefore, Defendant argues that this case must be dismissed as moot.

## III. LEGAL STANDARD

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Courts "have a 'continuing obligation' to enquire whether there is a present controversy as to which effective relief can be granted," *Coalition for Gov't Procurement v. Fed. Prison Indus.*, 365 F.3d 435, 458 (6th Cir. 2004), because "[a] federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001). "The test for mootness 'is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . .'" *McPherson v. Mich. High School Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). In other words, "mootness addresses whether [the] plaintiff continues to have an interest in the outcome of the litigation." *Cleveland Branch, N.A.A.C.P.*, 263 F.3d at 525.

## IV. ANALYSIS

Here, Plaintiff no longer has an interest in the outcome of the litigation. His suit sought adjudication of his application for naturalization, and that application has been adjudicated. Therefore, the Court finds that the case is moot and must be dismissed for lack of subject matter jurisdiction.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss [dkt 7] is GRANTED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated:  May 6, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 6, 2010.

        S/Marie E. Verlinde
        Case Manager
        (810) 984-3290